**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOHN R. ATCHLEY and MICHAEL GILROY,<br><br>       Plaintiffs - Appellants,<br><br>     v.<br><br>PEPPERIDGE FARM INC., a Connecticut corporation,<br><br>       Defendant - Appellee. | No. 09-35275<br><br>D.C. No. 2:04-cv-00452-FVS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Argued and Submitted March 8, 2010
Seattle, Washington

Before: TASHIMA, FISHER and BERZON, Circuit Judges.

John R. Atchley and Michael Gilroy ("Appellants") appeal from a judgment

entered in a case arising from the purchase and operation of Pepperidge Farm

distributorships. We affirm in part and reverse in part and remand.

_____

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court erred in granting summary judgment to Pepperidge Farm on Appellants' Washington Franchise Investment Protection Act ("FIPA") claim by finding that they had not paid a franchise fee. Payments for "the mandatory purchase of goods or services" are fees under FIPA. Wash. Rev. Code § 19.100.010(12); *see also Blanton v. Mobil Oil Corp.*, 721 F.2d 1207, 1220 (9th Cir. 1983) (holding under FIPA that the required purchase of unwanted goods could be a franchise fee). Appellants argue that Pepperidge Farm effectively required them to purchase goods by mandating inventory levels and controlling pallet shipments and then requiring Appellants to pay for some product that went stale prior to sale. The district court found that "Plaintiffs were never required to purchase a set quantity of [Pepperidge Farm] product." However, Appellants submitted evidence to support their claim to the contrary. There is therefore a genuine dispute of material fact precluding summary judgment.

On the other hand, we affirm the grant of summary judgment to Pepperidge Farm on Appellants' Washington Business Opportunity Fraud Act ("BOFA") claim. We are skeptical that Washington state courts would adopt the district court's narrow construction of "seller" under BOFA. *See Haberman v. Wash. Pub. Power Supply Sys.*, 744 P.2d 1032, 1051-52 (Wash. 1987) (interpreting a similar term of the Washington State Securities Act broadly in order to fulfill the

"legislative purpose"). However, we need not reach this question because, as Pepperidge Farm argues, it is not apparent that a distributorship is a business opportunity under the Act, and Appellants have offered no counter-argument. *See* Wash. Rev. Code § 19.110.020(1) (defining a business opportunity as "the sale or lease of any product, equipment, supply, or service which is sold or leased to enable the purchaser to start a business").

We also affirm the dismissal of Appellants' negligent misrepresentation claim as barred by the consignment agreement's non-reliance clause. The agreement is a fully integrated contract, subject to the parol evidence rule. *See Berg v. Hudesman*, 801 P.2d 222, 230 (Wash. 1990). The agreement specifically required distributors to remove stale product from store shelves and provided that Pepperidge Farm had no obligation to accept stale goods. The balance of factors the Washington courts have established bars reliance on other representations concerning the stale product policy. *See Stewart v. Estate of Steiner*, 93 P.3d 919, 927 (Wash. Ct. App. 2004).

Finally, the district court did not clearly err in finding that Pepperidge Farm's sale of Gilroy's route was commercially reasonable. Pepperidge Farm undertook efforts in excess of ordinary procedures for marketing a distributorship, easily satisfying the standard for a commercially reasonable sale. *See* Wash. Rev.

Code § 62A.9A-627(b)(1).  "The fact that a greater amount could have been obtained . . . at a different time or in a different method from that selected by the secured party is not of itself sufficient to preclude the secured party from establishing that . . . disposition . . . was made in a commercially reasonable manner."  *Id.* § 515A.9A-627(a).

**AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.**

Parties shall bear their own costs.

4